IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **LAKE FOREST ELEMENTARY CHARTER SCHOOL CORPORATION** | * * * | |
| and | * * | |
| **ADVOCATES FOR ARTS-BASED EDUCATION CORPORATION** | * * * | CIVIL ACTION NO. 16-cv-2323 |
| Plaintiffs, | * * | |
| vs. | * * | SECTION " " |
| **ORLEANS PARISH SCHOOL BOARD** | * * | MAGISTRATE DIV._____ |
| and | * | COMPLAINT |
| **DR. HENDERSON LEWIS, JR., IN HIS OFFICIAL CAPACITY AS NEW ORLEANS SUPERINTENDENT OF SCHOOLS** | | |
| Defendants. | | |

## COMPLAINT

Plaintiffs, Lake Forest Elementary Charter School Corporation ("Lake Forest") and Advocates for Arts-Based Education Corporation ("Advocates") (collectively, "Plaintiffs"), by and through their undersigned counsel, aver and allege as follows:

## NATURE OF THE ACTION

1. Plaintiffs are Louisiana non-profit corporations which, in 2011, contracted with the Defendant, Orleans Parish School Board ("OPSB"), to operate charter schools in Orleans Parish, State of Louisiana.

2.      Plaintiffs bring this action pursuant to 42 U.S.C. § 1983, seeking declaratory and injunctive relief against action by Defendants under color of state law that substantially impairs Plaintiffs' vested rights under its contracts with OPSB in violation of Article 1, Section 10 of the United States Constitution, and that further violates Plaintiffs' rights under the Fourteenth Amendment of the United States Constitution.  As set forth below, the process recently authorized by OPSB leaves Plaintiffs' basic operating funding to the whims of a single individual, eviscerating Plaintiffs' contracts in violation of Article 1, Section 10 of the United States Constitution and depriving them of the equal protection and due process of laws. Plaintiffs further seek an award of damages, attorneys' fees and costs under 42 U.S.C. § § 1983 and 1988.    Plaintiffs also seek relief under Louisiana state law.

## JURISDICTION AND VENUE

3.      This action arises under Article 1, Section 10, and the Fourteenth Amendment, of the Constitution of the United States and the laws of the United States, 42 U.S.C. §§ 1983 and 1988, and 28 U.S.C. §§ 2201 and 2202.  This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1343(a)(3).  This action is brought against Defendants in their official capacities pursuant to 42 U.S.C. § 1983.  Pursuant to 28 U.S.C. §1367, this Court has supplemental jurisdiction over Plaintiffs' state law claims as they form a part of the same case or controversy.

4.      Venue is proper in the Eastern District of Louisiana.  Plaintiffs are Louisiana non-profit corporations with their registered offices, principal places of business, domiciles, and operations within this District.  All of OPSB's officers, members, offices, and operations are within this District, and Dr. Henderson Lewis, Jr., sued in his Official Capacity as New Orleans

Superintendent of Schools, resides and is domiciled in this district. All of the Defendants' acts forming the subject matter of this action were and are being committed in this District. Therefore, Plaintiffs' claims arise in this district.

**PARTIES**

5. Plaintiff Lake Forest is a Louisiana corporation organized under the Louisiana Nonprofit Corporation Law with its registered office, principal place of business, domicile, and operations within the Parish of Orleans, State of Louisiana.

6. Plaintiff Advocates is a Louisiana corporation organized under the Louisiana Nonprofit Corporation Law with its registered office, principal place of business, domicile, and operations within the Parish of Orleans, State of Louisiana.

7. Defendant OPSB, a parish school board, is a local political subdivision of the State of Louisiana that acts under color of state law, with all of its officers, members, offices and operations located in Orleans Parish, State of Louisiana. Under La. R.S. 17:51, OPSB has general legal capacity to be sued, and OPSB is subject to suit herein under 42 U.S.C. §§ 1983 and 1988.

8. Defendant Dr. Henderson Lewis, Jr. ("Dr. Lewis" or "the Superintendent") is sued for acts under color of state law in his Official Capacity as New Orleans Superintendent of Schools ("Official Capacity"). Dr. Lewis, in his Official Capacity, is subject to suit under 42 U.S.C. §§ 1983 and 1988.

## FACTUAL BACKGROUND

9. The Louisiana Charter School Demonstration Programs Law, La. R.S. 17:3971, *et. seq.* (the "Charter Act"), authorizes parish school boards, such as OPSB, to contract with private non-profit corporations, such as Plaintiffs, to operate charter schools pursuant to the terms of the Charter Act. Acting pursuant to the Charter Act, effective July 1, 2011, OPSB entered into Charter School Operating Agreements ("the Agreements") with Plaintiffs to operate "Type 3" charter schools within the Parish of Orleans. Plaintiff Lake Forest operates the charter school known as Lake Forest Elementary Charter School. Plaintiff Advocates operates the charter school known as Lusher Charter School. In the Agreements, Plaintiffs are referred to as "Charter Schools."

10. Under Section 5.1 of the Agreements, Plaintiffs are explicitly guaranteed payments of funds in accordance with "the provisions of the Minimum Foundation Program formula adopted by BESE and approved by the State Legislature. . . ." These contractual terms are fundamental considerations of Plaintiffs' Agreements with OPSB and vested contractual rights of Plaintiffs protected from impairment under Article 1, Section 10 of the United States Constitution.

11. In its 2015 Regular Session, the Louisiana legislature amended La. R.S. 17:3995(A)(3)(b) to provide for a district level allocation policy applicable only in New Orleans.

12. Article 1, Section 10 of the United States Constitution provides, in pertinent part, that "No State shall . . . pass any Bill of Attainder, ex post facto Law, or Law impairing the Obligation of Contracts. . . ." Retroactive application of the 2015 amendment to La. R.S. 17:3995(A)(3)(b) to Plaintiffs would directly and substantially impair the terms and obligations

of their Agreements with OPSB by permitting OPSB and the Superintendent to force upon Plaintiffs an allocation policy providing significantly less funding to them than that afforded under "the provisions of the Minimum Foundation Program formula adopted by BESE and approved by the State Legislature. . . ." guaranteed to Plaintiffs under Section 5.1 of the Agreements. Hence, retroactive application of the 2015 amendment to La. R.S. 17:3995(A)(3)(b) to Plaintiffs would violate their rights under Article 1, Section 10 of the United States Constitution.

13. By resolution adopted at a public meeting on March 15, 2016, OPSB, acting under color of the 2015 amendment to La. R.S. 17:3995(A)(3)(b), authorized the Superintendent to "distribute[] MFP funds to schools based on the Superintendent's assessment of student needs and to allocate such funds appropriately, as authorized by law, specifically charter law, and according to processes to be determined by the Superintendent, in accordance with law and charter law."

14. The Superintendent, also acting under color of the 2015 amendment to La. R.S. 17:3995(A)(3)(b), has publicly stated his intention to apply to Plaintiffs an allocation policy, effective July 1, 2016. The threatened policy will, over time, reduce Plaintiffs' funding by millions of dollars per year less than the funding guaranteed to them under Section 5.1 of the Agreements, and place them in a permanent "second class" funding position relative to other charter schools. By way of example, the threatened policy would reduce funding for Plaintiffs' gifted and talented students by over 70 percent and likewise substantially reduce funding for their regular education students. Such action threatens to directly and substantially impair Plaintiffs' vested contractual rights under the Agreements, in violation of Article 1, Section 10 of the United States Constitution.

15. If Defendants' acts are not restrained and enjoined, Plaintiffs will be forced to curtail operations and programs and to expend private funds to replace the funds lost through the unconstitutional and illegal actions authorized by OPSB and threatened by the Superintendent. Thus, Defendants' actions will cause Plaintiffs to suffer irreparable injury and harm.

16. The Fourteenth Amendment of the United States Constitution ("Fourteenth Amendment") guarantees to Plaintiffs the equal protection and due process of law.  Defendants' actions and threatened actions under color of state law to impose upon Plaintiffs a funding formula applicable only in New Orleans that reduces their and their students' funding by millions of dollars less than the formula afforded to similarly situated charter schools and students in every other parish of the state, has and will deny Plaintiffs the equal protection of laws in violation of the Fourteenth Amendment.   There is no legitimate or rational state interest that could justify or support the singling out of charter schools and students in New Orleans for millions of dollars in discriminatory funding cuts based solely upon their geographic location.  To the contrary, the state's interests are plainly set forth in state constitutional and statutory provisions requiring funding of charter schools throughout the state according to the state-wide funding formula guaranteed to Plaintiffs under their Agreements with OPSB.  The state could not possibly have a rational or legitimate interest in taking action that violates its own constitution and laws.

17. The actions authorized by OPSB and threatened by the Superintendent also have and will deprive Plaintiffs of the due process of law guaranteed by the Fourteenth Amendment.   The threatened "New Orleans only" funding formula has been developed without legally required procedures, rights of public notice, hearing, participation, or appeal, and without government oversight, approval or adoption as required by state law and as would be necessary to assure Plaintiffs and other similarly situated charter schools of basic due process.  An informally

4417500_1.docx

constituted private, non-governmental "working group," meeting in private, closed door sessions and often secret negotiations, purported to develop the formula without public notice, rights of public participation, hearing or appeal, and without government oversight or approval. The State Board of Elementary and Secondary Education ("BESE"), recognizing the unconstitutionality of La. R.S. 17:3995(A)(3)(b), refused to approve the formula as required by that statute.  Thus any attempt to implement the policy is null and void under Louisiana law, further confirming the denial of Plaintiffs' basic due process rights.   OPSB likewise refused to approve or adopt the formula.  The Superintendent has publicly stated his intention to implement the formula without any public notice, hearings, appeal, participation, review or approval by any government body, or other basic due process protections.

18. Defendants' actions under color of state law have and threaten to deprive Plaintiffs of rights secured to them by the Constitution and laws of the United States.  Defendants' conduct thus is actionable under 42 U.S.C. §§ 1983 and 1988.

19. In the event Plaintiffs prevail on any claims under the Constitution of the United States set forth in this Complaint, Plaintiffs are entitled to recover attorneys' fees under 42 U.S.C. § 1988.

20. Defendants' actions and threatened actions described in paragraph 9 through 17 likewise have and will continue to violate Plaintiffs' rights under the equal protection and due process clauses of the Louisiana Constitution.

21. Alternatively, OPSB's purported authorization of a "New Orleans only" funding formula, and the Superintendent's threatened implementation of such a formula, are null and void under Louisiana law due to BESE's refusal to approve the formula as required by La. R.S. 17:3995(A)(3)(b).  The statute does not authorize OPSB or the Superintendent to implement any

such formula or to impose it upon charter schools, and there is no other statute or law authorizing them to do so.  Due to the inapplicability of La. R.S. 17:3995(A)(3)(b), Plaintiffs' rights are governed by La. R.S. 17:3995(A)(1), requiring that state funding be allocated to Plaintiffs in accordance with the state-wide funding formula that is applied to charter schools in every other parish of the state.

## COUNT I

Plaintiffs repeat and incorporate all of the foregoing allegations as if fully set forth herein.

Defendants' above described actions under color of state law have directly and substantially impaired, and threaten to directly and substantially impair, Plaintiffs' vested contractual rights under its Agreements with OPSB, in violation of Article 1, Section 10 of the United States Constitution.  Defendants' continuing acts have caused and threaten to cause immediate and irreparable harm to Plaintiffs.  Defendants' acts thus constitute a deprivation of rights actionable under 42 U.S.C. § 1983.

## COUNT II

Plaintiffs repeat and incorporate all of the foregoing allegations as if fully set forth herein.

Defendants' above described actions under color of state law have violated and threaten to violate Plaintiffs' rights to equal protection of law under the Fourteenth Amendment of the United States Constitution.  Defendants' continuing acts have caused and threaten to cause immediate and irreparable harm to Plaintiffs.  Defendants' acts thus constitute a deprivation of rights actionable under 42 U.S.C. § 1983.

**COUNT III**

Plaintiffs repeat and incorporate all of the foregoing allegations as if fully set forth herein.

Defendants' above described actions under color of state law have violated and threaten to violate Plaintiffs' rights to due process of law under the Fourteenth Amendment of the United States Constitution. Defendants' continuing acts have caused and threaten to cause immediate and irreparable harm to Plaintiffs. Defendants' acts thus constitute a deprivation of rights actionable under 42 U.S.C. § 1983.

**COUNT IV**

Plaintiffs repeat and incorporate all of the foregoing allegations as if fully set forth herein.

Defendants' actions and threatened actions have and will continue to violate Plaintiffs' rights under the equal protection and due process clauses of the Louisiana Constitution. Defendants' continuing acts have caused and threaten to cause immediate and irreparable harm to Plaintiffs.

**COUNT V**

Plaintiffs repeat and incorporate all of the foregoing allegations as if fully set forth herein.

Alternatively, Defendants' actions and threatened actions are null and void under Louisiana law. Defendants' continuing illegal acts have caused and threaten to cause immediate and irreparable harm to Plaintiffs.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs demand that this Court enter a judgment in Plaintiffs' favor and against Defendants as follows:

(a) That this Court issue a declaratory judgment that Defendants' actions and threatened actions violate Plaintiffs' rights under the United States and Louisiana Constitutions, and are null and void under federal and state law;

(b) That this Court issue a temporary restraining order, preliminary injunction, and permanent injunction against Defendants enjoining them from further action in violation of Plaintiffs' legal rights;

(c) That this Court issue an award of damages, including but not limited to all funding denied to Plaintiffs due to Defendants' unconstitutional and illegal acts, with interest thereon, and such other damages as are proven herein;

(d) That Plaintiffs be awarded their attorneys' fees under 42 U.S.C. § 1988;

(e) That Plaintiffs be awarded their costs herein; and

(f) That this Court order such other legal, general, and equitable relief as it deems fit and proper.

Respectfully submitted,

 [s]James A. Brown
James A. Brown, T.A. (Bar #14101)
Tyler Trew (Bar # 34125)
LISKOW & LEWIS, PLC
One Shell Square
701 Poydras Street, Suite 5000
New Orleans, LA  70139-5099
Telephone:(504) 581-7979
Facsimile: (504) 556-4108

Attorneys for Plaintiffs Lake Forest Elementary Charter School Corporation and Advocates for Arts-Based Education Corporation

**PLEASE ISSUE SUMMONS TO:**

ORLEANS PARISH SCHOOL BOARD,
by and through its PRESIDENT,
Seth Bloom
3520 General DeGaulle Drive
Suite 5055
New Orleans, LA  70114
ph:  504-304-3520

and to

Dr. Henderson Lewis, Jr.,
New Orleans Superintendent of Schools
3520 General DeGaulle Drive
Suite 5055
New Orleans, LA  70114
ph:  504-304-3520

4417500_1.DOCX